**SIGNED THIS: April 11, 2008**

_____
**GERALD D. FINES
UNITED STATES BANKRUPTCY JUDGE**
_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

IN RE:                                        )
                                              )
GREGORY JANKOWSKI and                         ) Bankruptcy Case No. 05-90879
VELVA JANKOWSKI,                              )
                                              )
                    Debtors.                  )

OPINION

This matter having come before the Court on a Motion to Lift the Automatic Stay filed by Homestar Bank, Debtor's Objection of Motion to Lift Automatic Stay, Motion for Relief from Automatic Stay filed by First National Bank of Grant Park, and Debtor's Amended Motion to Sell; the Court, having heard arguments of the parties, having reviewed the record of Debtors' bankruptcy proceeding, and being otherwise fully advised in the premises, makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

Findings of Fact

The material facts in this matter are not in serious dispute and are, in pertinent part, as follows:

1.    The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on March 14, 2005.

2.    The Debtors own real estate with the common address of 201 East Division Street, Manteno, Illinois.

3.    There are three mortgage liens against the Debtors' real estate, including the lien of Homestar Bank and First National Bank of Grant Park.

4.    The Debtors concede that they have no equity in their real estate, and that, if the real estate were sold, there would be no proceeds available to the Debtors.

5.    In addition to the mortgage liens of Homestar Bank and First National Bank of Grant Park, there is a third mortgage and the Debtors are the subject of Federal tax liens.

6.    The Debtors admit that they are in default in payments to both Homestar Bank and to First National Bank of Grant Park.

7.    The Debtors' real estate was abandoned by the Trustee in Bankruptcy on May 16, 2005.

8.    The Debtors received a discharge, pursuant to 11 U.S.C. § 524, on June 24, 2005, and, as such, have no personal liability on the debts to either Homestar Bank or First National Bank of Grant Park.

## Conclusions of Law

Given the undisputed facts as recited above, the Court has no choice but to allow relief from the automatic stay as to both Homestar Bank and First National Bank of Grant Park. The undisputed facts clearly establish that cause has been shown, pursuant to 11 U.S.C. § 362(d)(1), for relief from the automatic stay in that the Debtors are in default on payments as to Homestar Bank and First National Bank of Grant Park. Additionally, the Court finds that, pursuant to 11 U.S.C. § 362(d)(2), the stay must be lifted as it has been shown that the Debtors have no equity in their real estate, and, given that the Debtors have filed for Chapter 7 relief, the real estate is not necessary for a reorganization. Thus, under

these facts, Creditors, Homestar Bank and First National Bank of Grant Park, are entitled to proceed to foreclose upon the Debtors' real estate in State Court to satisfy their mortgage liens.

###